1  RONALD J. TENPAS, Assistant Attorney General
   JEAN E. WILLIAMS, Chief
2  LISA L. RUSSELL, Assistant Chief
   RICKEY D. TURNER, JR., Trial Attorney
3  CO Bar No. 38353
   U.S. Department of Justice
4  Environment and Natural Resources Division
   Wildlife and Marine Resources Section
5  Ben Franklin Station, P.O. Box 7369
   Washington, D.C. 20044-7369
6  (202) 305-0229 (tel)
   (202) 305-0275 (fax)
7
   Attorneys for Federal Defendants
8

9              UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10 ────────────────────────────────────
                                        )
11 CENTER FOR BIOLOGICAL DIVERSITY,     )
   NATURAL RESOURCES DEFENSE COUNCIL,   )   Case No. 3:07-cv-06406-MHP
   and PACIFIC ENVIRONMENT, non-profit  )
12 corporations,                        )
                                        )
13              Plaintiffs,             )
                                        )
14                                      )   STIPULATED SETTLEMENT AND
        v.                              )   [PROPOSED] ORDER
15                                      )
                                        )
16 DIRK KEMPTHORNE,  Secretary of the Interior )
   and U.S. FISH AND WILDLIFE SERVICE,  )
17                                      )
                                        )
18              Defendants.             )
   ────────────────────────────────────)
19

20         Plaintiffs, the Center for Biological Diversity, Natural Resources Defense Council, and

21 Pacific Environment, and Defendants, the U.S. Fish and Wildlife Service and Dirk Kempthorne,

22 Secretary of the Interior ("Secretary"), by and through their undersigned counsel, state as follows:

23         WHEREAS, on April 5, 2004, Plaintiffs submitted a petition to list the yellow-billed loon

24 as "threatened" or "endangered" under the Endangered Species Act ("ESA").

25         WHEREAS, on June 6, 2007, the Secretary published a finding under 16 U.S.C. §

26

27 1533(b)(3)(A) that the petition presented substantial information that listing may be warranted.  72

28

Fed. Reg. 31,256 (June 6, 2007).

WHEREAS, under the ESA, the Service had one year from the date it received the Petition to make a "12-month finding" that listing the yellow-billed loon as threatened or endangered was warranted, warranted but precluded, or not warranted.  16 U.S.C. § 1533(b)(3)(B).

WHEREAS, the Secretary has not issued a 12-month finding.

WHEREAS, on December 19, 2007, Plaintiffs filed a Complaint for declaratory and injunctive relief, pursuant to the ESA, 16 U.S.C. § 1540(g)(1)(C), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

WHEREAS, Plaintiffs and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint.

WHEREAS, Plaintiffs and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.  The Service shall submit for publication to the Federal Register a 12-month finding on Plaintiff's petition to list the yellow-billed loon by February 15, 2009.  After issuance of the 12-month finding, the Service's obligations, other than the obligation to pay Plaintiffs' fees and costs as described in Paragraph 6, under this agreement shall terminate.

2.  In consideration of Defendants' agreement to meet the deadline in paragraph 1, Plaintiffs agree to dismiss this action.  Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of

this Agreement and to resolve any motions to modify such terms.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

3.  Either party may seek to modify the deadline specified in Paragraph 1 for good cause shown.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4.

4.  The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with written notice of the matter.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the matter before seeking relief from the Court.  If the parties are unable to resolve the claim within a reasonable time, either party may seek relief from the Court.

5.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a 12-month finding under 16 U.S.C. § 1533(b)(3)(B) in any other proceeding regarding the Service's implementation of the ESA.

6.  Defendants agree that Plaintiffs are the "prevailing party" in this action, and agrees to pay Plaintiffs reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Therefore, Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees

in the above-captioned litigation for a total of $6,410.18. The check will be made payable in the amount of $6,410.18 to Plaintiffs' undersigned counsel, Andrea Treece of the Center for Biological Diversity.

7. Defendant agrees to submit all necessary paperwork to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed court order approving this stipulation.

8. Plaintiffs agree to accept payment of $6,410.18 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement. Plaintiffs agree that receipt of this payment from Defendant shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

9. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action.

10. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

11. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act,

31 U.S.C. § 1341.  Plaintiffs assert that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement.  Plaintiffs intend to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations.  Defendants reserve all legal and equitable defenses to such a claim.

12.  The parties agree that this Settlement Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

13.  The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

14.  The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement and upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

Respectfully submitted this ## day of April 2008 ,
RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

**/s/**
RICKEY DOYLE TURNER JR.
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, D.C.  20044-7369
(202) 305-0229
rickey.turner@usdoj.gov

1

2          Attorneys for Defendants

3          /s/
          _____
4          ANDREA A. TREECE (CA Bar No. 237639)
          CENTER FOR BIOLOGICAL DIVERSITY
5          1095 Market St., Suite 511
          San Francisco, CA 94103
6          Telephone: (415) 436-9682 x 306
          Facsimile: (415) 436-9683
7          Email: atreece@biologicaldiversity.org

8
          Attorneys for Plaintiffs
9

10

11

12

13

14                              **ORDER**

15

16         The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as

17 an ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

18

19
Dated: this _____ day of _____, 2008.
20

21

22                              _____

23                              United States District Court Judge

24

25

26

27

28

STIPULATED SETTLEMENT              -6-                    07-cv-06406-MHP